IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

F I L E D
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
MAR 05 2019
JEFFREY P. ALLSTEADT, CLERK
INTAKE 2

| | |
|---|---|
| IN RE:<br>Zeshan M. Sadek<br>(Debtor) | Bankruptcy No. **17 B 31909**<br>Chapter 7 |
| Harikrishna Madanaraj<br>(Plaintiff) | Hon. Judge Janet S. Baer |
| Zeshan M. Sadek<br>(Defendant) | Adv. Proc. No. **18-00150** |

To:    See Attached List

### NOTICE OF PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT

**PLEASE TAKE NOTICE** that on **March 15th, 2019**, at the hour of 11:00 A.M., or as soon thereafter as counsel may be heard, I will appear before the Northern Bankruptcy Court of Eastern Division Office at 100 S 3rd Street, Geneva, IL 60134, court room 240, Kane County and will present the attached **Motion for default judgement under Sections 523 and 727**, a copy of which is hereby served upon you. You may respond if you so choose to the following address:

Harikrishna Madanaraj
2322 Acorn Place
Buffalo Grove, IL 60089
630-886-9142

### CERTIFICATE OF SERVICE

I, Harikrishna Madanaraj, plaintiff and creditor, certify that I will cause a copy of the foregoing Notice and Complaint to be served on the parties listed on the attached service list by electronic notice where indicated, or by first class mail by depositing with the United States Postal Service, this 6th [5th] day of March, 2019.

Service List
Zeshan M. Sadek
17 B 31909

David M. Siegel
davidsiegalbk@gmail.com

Gina Krol, Trustee
gkrol@cohenandkrol.com

Zeshan M. Sadek
1840 Huntington Blvd., #213
Hoffman Estates IL 60169

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

F I L E D
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
MAR 05 2019
JEFFREY P. ALLSTEADT, CLERK
INTAKE 2

| | |
|---|---|
| IN RE:<br>Zeshan M. Sadek<br>(Debtor) | Bankruptcy No. **17 B 31909**<br>Chapter 7 |
| Harikrishna Madanaraj<br>(Plaintiff) | Hon. Judge Janet S. Baer |
| Zeshan M. Sadek<br>(Defendant) | Adv. Proc. No. **18-00150** |

To:     See Attached List

---

## PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES Harikrishna Madanaraj, plaintiff and creditor, requests the Court to enter default judgement against defendant and debtor for failure to answer or plead in said action as required by law. The summons and complaint were duly served on the defendant, Zeshan M. Sadek on April 23rd, 2018. Defendants had a about 10 months to respond. No answer or other defense has been filed by the defendant; Defendant was not in the military service and is not an infant.

Wherefore, plaintiff moves that this court make and enter a default judgement that the defendant pay an amount of $42,206.08

Plaintiff respectfully shows the following summary:

## SUMMARY

## COMMON FACTS TO ALL COUNTS AND BACKGROUND

1. Defendant Zeshan M. Sadek is the Debtor in this case who filed for voluntary Chapter 7 petition on October 26th, 2017.

2. Harikrishna Madanaraj is a creditor with a claim based on a lease on the Debtor's prior residence.

3. Defendant leased an apartment from Plaintiff and occupied the premises until approximately October, 2017

4. Defendant is indebted to Plaintiff for back rent and deliberate damages made to the property in the amount of **$42,206.08**

## COUNT I: DENIAL OF DICHARGE/11 U.S.C. §727(a)(2)

5. The Debtor filed his bankruptcy petition with Schedules A-J, under oath and accompanied by signed declarations of accuracy under penalty of perjury, on October 26, 2017.

6. The Debtor did not list any real estate on Schedule A.

7. At his meeting of creditors under Section 341, the Debtor testified that he owned real estate in Malaysia, which was a gift from his father.

8. Prior to the filing of his bankruptcy case, the Debtor stated to Plaintiff on several occasions that he owned real estate in Malaysia.

9. Plaintiff is informed and believes that the Debtor does own real estate in Malaysia.

10. The failure to list the Malaysia real estate on his schedules constitutes concealment of property of the estate.

11. The Debtor concealed his interest in the Malaysia real estate with intent to hinder, delay, or defraud creditors or the trustee, as defined in Section 727(a)(2).

WHEREFORE Plaintiff prays that the Debtor's discharge be denied pursuant to 11 U.S.C. §727(a)(2)

### COUNT II: DENIAL OF DISCHARGE/11 U.S.C. §727(a)(4)

12. Plaintiff realleges the allegations of Paragraphs 9-13.

13. The failure to list the Malaysia real estate on his sworn schedules constitutes a false oath.

14. The Debtor knowingly and fraudulently made a false oath in regard to the Malaysia real estate, as defined in Section 727(a)(4).

WHEREFORE Plaintiff prays that the Debtor's discharge be denied pursuant to 11 U.S.C. §727(a)(4).

### COUNT III: DETERMINATION OF DISCHARGEABILITY/11 U.S.C. §523(a)(6)

15. During his tenancy in premises owned by the Plaintiff, Defendant allowed extensive water damage to affect Plaintiff's real estate.

16. The Debtor actively concealed the water damage to his unit, resulting in increased damage due to ongoing deterioration of building materials and the growth of mold.

17. The Debtor's active concealment of damage to the unit was without legal excuse.

18. The Debtor's active concealment of damage to the unit was done with knowledge that concealing the damage would result in ongoing and increase damage to the premises.

19. The damage to Plaintiff's property, resulting from the Debtor's concealment, constitutes a willful and malicious injury to the property of the Plaintiff, as defined in Section 523(a)(6).

WHEREFORE Plaintiff prays that his claim against Defendant be excepted from the Debtor's discharge pursuant to 11 U.S.C. §523(a)(6).

Respectfully submitted by,

Harikrishna Madanaraj